# United States District Court

for the

District of Idaho

Case No. 1:24-00326-DKG

Peter Hearn                    Trial by Jury Demanded

    Plaintiff

     -v-

Kevin Truesdale

John Doe's 0-100, Jane Doe's 0-100

Michael Greer

Riley Urquidi

John Doe #2 Naylor Towing

Matt Clifford

David Manweiler

Regan C. Jameson

Jan M. Bennetts

Tatianna Herrera

Tanis Ozuna

Kira Lynn Dale

State of Idaho et. al.

Idaho State Police Department et. al.

Ada County Sheriff's Office et. al.

Ada County Prosecutor's Office et. al.

Fourth Judicial District Court et. al.

Defendant's

## Amended Complaint for Violation of Civil Rights with Request for Punitive Damages and Clerical Change to add Name.

Pursuant to FRCP 15(a)(1)(B) Plaintiff is filing this Amended Complaint to add Michael Greer's name as Defendant to the Complaint to replace Defendant John Doe #1 Sheriff Deputy on the following grounds.

1.      On August 6, 2024 Plaintiff filed Amended Complaint for Violation of Civil Rights with Request for Punitive Damages (Dkt.2) which included John Doe #1 Sheriff Deputy as Defendant No. 3. John Doe #1 Sheriff Deputy was the man who assisted Kevin Truesdale in the unlawful arrest of Peter-Alan: Hearn on July 23, 2022 on I-84. Plaintiff  named John Doe #1 Sheriff Deputy as such because Plaintiff was not yet able to obtain the name of the man.

2.      On September 18, 2024 Plaintiff filed: USM-285, Summons, Complaint, Notice of Unavailability, LITIGATION ORDER AND NOTICE, D-4 with the U.S. Marshal's to be served onto John Doe #1 Sheriff Deputy. USMS did not serve these papers because they cannot serve a John Doe.

3.      On September 25, 2024, as soon as Plaintiff was aware the USMS cannot serve John Doe #1 Sheriff Deputy, Plaintiff did a public records request to find out John Doe #1 Sheriff Deputy's name. This PRR was later denied by Matt Clifford, acting as Sheriff. On this same day Plaintiff also called the Ada County Sheriff's Office again. He spoke with a lady there who was kind enough to inform Plaintiff that the name of the man, wearing short pants, who was on scene and assisted ISP Officer Kevin Truesdale was Michael Greer acting as Sheriff Deputy.

3.      On September 26, 2024, Following the instructions of the USMS, Plaintiff filed with the Marshal's: USM-285, Summons, Complaint, Notice of Unavailability, LITIGATION ORDER AND NOTICE, D-4 to be served onto Michael Greer (John Doe #1 Sheriff Deputy).

On that same day Michael Greer (John Doe #1 Sheriff Deputy) was served by USMS.

4. Michael Greer (John Doe #1 Sheriff Deputy) did not file a Motion to Dismiss.

**I.       The Parties to This Complaint**

A.    The Plaintiff

Peter Hearn

2602 East Nahuatl Drive

Boise, Idaho 83716

County of Ada

(208) 867-8856

petehearnlaw@proton.me

B.    The Defendants

Defendant No. 1

Kevin Truesdale (Individual and Official Capacity)

Idaho State Police Department Officer

700 Statford Drive

Meridian, Idaho 83642

County of Ada

(208) 884-7000

Defendant No. 2

John Doe's 0-100, Jane Doe's 0-100

Defendant No. 3

Michael Greer (Individual and Official Capacity)

Ada County Sheriff

Ada County Sheriff's Office

7200 Barrister Drive

Boise, Idaho. 83704

County of Ada

(208) 577-3000

Defendant No. 4

Riley Urquidi (Individual and Official Capacity)

Idaho State Police Department Officer

700 Statford Drive

Meridian, Idaho 83642

County of Ada

(208) 884-7000

Defendant No. 5

John Doe #2 Naylor Towing (Corporation)

655 E Stagecoach Way

Kuna, ID 83634

County of Ada

(208) 343-0712

Defendant No. 6

Matt Clifford (Individual and Official Capacity)

Ada County Sheriff

Ada County Sheriff's Office

7200 Barrister Drive

Boise, Idaho. 83704

County of Ada

(208) 577-3000

Defendant No. 7

David Manweiler  (Individual and Official Capacity)

Ada County Magistrate Judge

200 West Front Street, Chambers Room 2159

Boise, Idaho. 83702

County of Ada

(208) 287-7633

Defendant No. 8

Regan C. Jameson (Individual and Official Capacity)

Ada County Magistrate Judge

200 West Front Street, Chambers Room 2189

Boise, Idaho. 83702

County of Ada

(208) 287-7627

Defendant No. 9

Jan M. Bennetts (Individual and Official Capacity)

Ada County Prosecutor

200 West Front Street, Room 3191

Boise, Idaho. 83702

County of Ada

(208) 287-7700

Defendant No. 10

Tatianna Herrera (Individual and Official Capacity)

Ada County Deputy Prosecutor

200 West Front Street, Room 3191

Boise, Idaho. 83702

County of Ada

(208) 287-7700

Defendant No. 11

Tanis Ozuna (Individual and Official Capacity)

Ada County Deputy Clerk

200 West Front Street

Boise, Idaho. 83702

County of Ada

(208) 287-6879

Defendant No. 12

Kira Lynn Dale (Individual and Official Capacity)

Ada County Magistrate Judge

200 West Front Street, Chambers Room 2191

Boise, Idaho. 83702

County of Ada

(208) 287-7481

Defendant No. 13

State of Idaho et. al. (Government Agency/Corporation)

Governor Brad Little (Official capacity)

State Capitol

PO Box 83720

Boise, Idaho. 83720

County of Ada

(208) 334-2100

Defendant No. 14

Idaho State Police Department et al. (Government Agency/Corporation)

Director Kedrick Wills (Official Capacity)

700 Statford Drive

Meridian, Idaho 83642

County of Ada

(208) 884-7003

Defendant No. 15

Ada County Sheriff's Office et al. (Government Agency/Corporation)

Sheriff Matt Clifford (Official Capacity)

7200 Barrister Drive

Boise Idaho 83704

County of Ada

(208) 557-3000

Defendant No. 16

Ada County Prosecutors Office et. al. (Government Agency/Corporation)

Ada County Prosecutor Jan M. Bennetts (Official Capacity)

200 West Front Street, Room 3191

Boise, Idaho. 83702

County of Ada

(208) 287-7700

Defendant No. 17

Fourth Judicial District Ada County Court et. al. (Government Agency/Corporation)

Trial Court Administer Sandra Barrios (Official Capacity)

200 West Front Street, Room 4171

Boise, Idaho. 83702

County of Ada

(208) 287-7500

## II.    Basis for Jurisdiction

The Jurisdiction is under 42 U.S.C. § 1983 suing state and local officials for the deprivation of any rights, privileges, or immunities secured by the Constitution for the United States of America and Federal Laws.

A. Plaintiff is bringing suit against state or local officials

B. Claims of Federal Constitutionally protected/secured or Statutory Rights violated

State or local officials:

a. Guarantee of Republican form of government;

b. The Right to be free from Bills of Attainder/Bills of Pains and Penalties;

c. The Right to a well regulated militia;

d. The Right of Life or Personal Security;

e. The Right of Personal Liberty;

f. The Right of Private Property;

g. The Right of Justice

h. The Right of the People to be secure in their persons, papers, houses and

effects from unwarranted searches and seizures;

i. The Right to not be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury;

j. The Right to not be compelled in any criminal case to be a witness against

himself;

k. The Right of due process of law;

l. The Right to a Trial by Jury;

m. The Right to face my accuser and witnesses;

n. The Right to the assistance of counsel;

o. The Right to be free from Titles of Nobility;

p. The Right to be free from cruel and unusual punishments inflicted

C.

a. Kevin Truesdale, acting as Idaho State Police officer acted under Idaho Code Title 49 428(1), 49 1232, 49 430, 49 316, 18 705.

b. Michael Greer, acting as Ada County Sheriff Deputy acted under Idaho Code Title 49 428(1), 49 1232, 49 430, 49 316, 18 705.

c. Riley Urquidi, acting as Idaho State Police officer acted under Idaho Code Title 49 428(1), 49 1232, 49 430, 49 316, 18 705.

d. Matt Clifford, acting as Ada County Sheriff acted under Idaho Code Title 49 428(1), 49 1232, 49 430, 49 316, 18 705.

e. John Doe #2 Naylor Towing Driver, acting as Naylor Towing employee, acted under Idaho Code Title 49 428(1), 49 1232, 49 430, 49 316, 18 705.

f. David Manweiler, acting as Ada County Magistrate Judge acted under Idaho Code Title 49 428(1), 49 1232, 49 430, 49 316, 18 705, Code of Civil Procedure Act of 1881 Section 17, Idaho Code Title 1 – 101.

g. Jan M. Bennetts, acting as Ada County Prosecutor acted under Idaho Code Title 49 428(1), 49 1232, 49 430, 49 316, 18 705 I.C.R. 12b, I.C.R. 5(b), I.C.R. 11(a), I.C.R. 6(b), I.C.R. 5.1(a), Idaho Code 19 3901, Idaho Code 19 3901A, I.C.R. 2.3(b), Idaho Code 19 301(1),  Code of Civil Procedure Act of 1881 Section 17, Idaho Code Title 1 – 101.

h. Tatianna Herrera, acting as Ada County Deputy Prosecutor acted under Idaho Code Title 49 428(1), 49 1232, 49 430, 49 316, 18 705 I.C.R. 12b, I.C.R. 5(b), I.C.R. 11(a), I.C.R. 6(b), I.C.R. 5.1(a), Idaho Code 19 3901, Idaho Code 19 3901A, I.C.R. 2.3(b), Idaho Code 19 301(1), Code of Civil Procedure Act of 1881 Section 17, Idaho Code Title 1 – 101.

i. Regan C. Jameson, acting as Ada County Magistrate Judge acted under Idaho Code Title 49 428(1), 49 1232, 49 430, 49 316, 18 705, Idaho Criminal Rule 48, Code of civil procedure act of 1881 Section 17, Idaho Code Title 1 – 101.

j. Tanis Ozuna, acting as Ada County Court Deputy Clerk acted under Idaho Code Title 49 428(1), 49 1232, 49 430, 49 316, 18 705, 19 607, 19 3901A.

> k. Kira Lynn Dale, acting as Ada County Magistrate Judge acted under Idaho
> Code Title 49 428(1), 49 1232, 49 430, 49 316, 18 705, 19 607, 19 3901A,
> Idaho Criminal Rule 48, Code of Civil Procedure Act of 1881 Section 17,
> Idaho Code Title 1 – 101.

## III.      Statement of Claim

Affidavit of Truth
CR01-22-22577

1. On July 23, 2022, at or around 9:25pm, Peter-Alan: Hearn, hereinafter referred to as Plaintiff, was traveling Eastbound on I-84 in his private property automobile, with his two friends Keri-Ann: Sengsourinho and Julie Blicksfeld, when he was pulled over by Kevin Truesdale, acting as Idaho State Police, using his emergency lights to do so.

2. Truesdale told Dispatch by radio, "out with a silver 4 runner that in place where license plate goes is a sign that says "not for hire" in magic marker".

3. Truesdale demanded to see Plaintiff's Driver's license, registration and insurance.

4. Plaintiff informed Truesdale he is not a Driver for hire and does not need a Driver's license to take his private property from point a to point b. Plaintiff handed Truesdale his paperwork including Plaintiff's identification, Public Servant Questionnaire, Plaintiff's Notice/Affidavit to Idaho Transportation Department, U.S. Codes, word definitions, Supreme Court Cases and Articles from the Constitution for the United States of America, supporting his not needing a Driver's license to exercise personal liberty. Truesdale refused to look at the paper work.

5. Truesdale persisted to ask Plaintiff for his name, date of birth and social security number.

6. Plaintiff explained he is standing on his 4th and 5th Amendment (Article) Constitutionally protected Rights to be secure in his person, houses, papers and effects/remain silent and that he is not a "Driver" operating a commercial motor vehicle "for hire", therefore he is not required to have a Driver's license. Truesdale said per Idaho Code Plaintiff must identify himself.

7. Truesdale walked around Plaintiff's automobile, opened Plaintiff's door, forcefully grabbed and twisted Plaintiff's left arm behind his back, reached in and released Plaintiff's seatbelt with his left hand and violently jerked Plaintiff out of his automobile, dragged him back to Truesdale's patrol car, handcuffed him and forcefully jammed Plaintiff into the patrol car. As Plaintiff was trying to get his size 12 boots inside the smaller than entry way of the patrol car, Truesdale violently pushed Plaintiff and kicked Plaintiff's legs into the car, injuring Plaintiff's left arm and both ankles.

8. While Truesdale and Michael Greer were standing on the side of the Interstate Truesdale asked Michael Greer wearing short pants,"What should I charge him with"? The two officers also verbally agreed on the construing of the Plaintiff to be, "one of those Sovereign Citizens".

9. Plaintiff informed Truesdale that this is unlawful arrest, aggravated battery and kidnapping and to take him directly to the judge or the nearest and most accessible magistrate.

10. Riley Urquidi, acting as Idaho State Police officer, searched, had Plaintiff's automobile seized, towed away by Naylor Towing, hauled to their yard in Kuna Idaho and filled out and subscribed IDAHO STATE POLICE TOWED VEHICLE INVENTORY/NOTICE.

11. Truesdale and all other public servants left the scene leaving Plaintiff's two female friends there on the side of the freeway with no regard for the two women's safety.

12. Truesdale took Plaintiff to a place called Ada County Jail. Plaintiff told Truesdale "you are to take me to the nearest and most accessible magistrate without delay".

13. Plaintiff told Truesdale and approximately 4 Sheriff's Deputies that he does not consent to any questions or any of the booking process.

14. As soon as the 4 Deputies realized Plaintiff did not consent, they searched him, took his boots and sox off his feet, and put him into a cold concrete cell with no food, water or toilet paper. Plaintiff asked all the Deputies to see the arrest warrant and to take him to the nearest and most accessible magistrate with no further unnecessary delay. The Deputies told Plaintiff he will stay in jail indefinitely and the judge will never see him, until Plaintiff answers their questions and goes through the booking process and body scanner. After approximately 10 hours of cruel and unusual punishment being inflicted onto Plaintiff by the Deputies on the night shift, Plaintiff, under (TDC) Threat, Duress and Coercion went through the booking process with a Deputy on the day shift.

15. After booking, Plaintiff was stripped of all his clothing and belongings, given jail clothes and put into a cell with other men.

16. Plaintiff remained in that cell for two days until approximately 4pm Monday July 25, 2022. At that time Plaintiff was taken to a room where he talked to David Manweiler, acting as judge, who was seen on a TV monitor. Plaintiff told David he would like to enter a plea in the form of demur. David said "you cannot enter in the form of demur" and entered a not guilty plea for Plaintiff against his will. Plaintiff then was released on his own recognizance.

17. Plaintiff was released from jail without ever being read his Miranda Rights.

18. On August 4, 2022 Plaintiff filed and served Notice of Special Appearance objecting to personal jurisdiction, at the Ada County Court and Ada County Prosecutor's office.

19. On August 16, 2022 Plaintiff filed Verified Affidavit I am Not the Name.

20. On August 17, 2022 Regan C. Jameson, acting as judge, denied Plaintiff his Right to Assistance of Council in Ada County Hearing "Tr" p.5, L.9,.

21. On October 13, 2022 Plaintiff filed, Motion to Dismiss with Prejudice and Verified Affidavit in Support of Motion to Dismiss and challenging jurisdiction, on the grounds that the STATE/prosecutor does not have personal jurisdiction over Plaintiff as "Driver" and does not have subject matter jurisdiction because Plaintiff was/is not "operating a motor vehicle/ commercial motor vehicle", at the Ada County Court and Ada County Prosecutor's office.

22. On October 24, 2022 Jan M. Bennetts, acting as Ada County Prosecutor and Tatianna Herrera, acting as Deputy Prosecuting Attorney, filed STATE'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS, before the 14 day mark for Plaintiff to file his Brief.

23. On October 27, 2022 Plaintiff filed and served a Verified Brief, Memorandum of Law in Support of Motion to Dismiss with Prejudice, at the Ada County Court and Ada County Prosecutor's office.

24. On December 1, 2022 Plaintiff filed and served a Response to State's Objection to Defendant's Motion to Dismiss, at the Ada County Court and Ada County Prosecutor's office.

25. During the "Motion to Dismiss Hearing" on December 2, 2022, judge Jameson set the allegations for jury trial despite Plaintiff's verbal objection on the grounds that the STATE/ prosecution has not proven personal jurisdiction or subject matter jurisdiction.

26. On December 12, 2022, with no proof of jurisdiction and no Affidavits entered on the record by the STATE/Ada County Prosecutor to date, Jameson denied Plaintiff's Motion to Dismiss in her "ORDER DENYING DEFENDANT'S MOTION TO DISMISS".

27. On January 26, 2023, Plaintiff filed a Motion to Reconsider with no response from the Court to date.

28. On January 26, 2023 at the video pre-trial conference hearing, Jameson continued jury trial to April 4, 2023, in the Ada County Court. Plaintiff did not attend the April 4th de facto jury trial.

29. On July 4, 2023, at approximately 01:36am Joseph J. Gundacker, acting as Idaho State Police Officer, on Fairview Avenue in Boise Idaho, used his emergency lights to stop, arrest, haul to jail, and issue Citation #ISP3956001270 to Plaintiff. Upon his release after paying $500 bail amount Plaintiff was served NOTICE TO APPEAR before the Court Clerk Case# CR01-22-22577 between 07/18/2023 and 07/25/2023.

30. On July 24, 2023 Plaintiff appeared at the Court Clerk Tanis Ozuna, acting as Court Clerk, as Ordered on the NOTICE OF COURT DATE AND BOND RECEIPT CR01-22-22577 issued July 4, 2023 and filed another Notice of Special Appearance in the Ada County Court and Ada County Prosecutor's office. Included in Plaintiff's filings was the Citation #ISP3956001270, NOTICE TO APPEAR before the Court Clerk Case# CR01-22-22577, Public Servant's Questionnaire and Signature to Verify which United States Government they serve (Title 28 § 1746), hence fulfilling their requirement to identify themselves. Ozuna filed/reported to the Court that Plaintiff did not appear as ordered on the NOTICE TO APPEAR before the Court Clerk Case# CR01-22-22577 thus prompting the unlawful arrest warrant to follow by Kira.

31. On July 28, 2023, Kira Lynn Dale, acting as Magistrate Court Judge, issued an arrest warrant for Plaintiff, without notice, for failure to appear before Ada County Clerk.

32. On May 8, 2024, under (TDC) Threats of violence with arms, Duress and Coercion, Plaintiff appeared at Ada County Court hearing.

## IV. Injuries

Personal Injuries

Plaintiff sustained permanent injuries to his body and mind as a result of the repeated violations of his God given rights all being unlawfully imposed on him as he remains under (TDC) Threats of violence with arms, Duress and Coercion.

Bodily Injury: Plaintiff sustained injury and damage to both of his wrists and ankles caused by Kevin Truesdale putting handcuffs on too tight and violently forcing Plaintiff into the back of the

police car by pushing and kicking his ankles into the police car on July 23, 2022. Plaintiff has always been a blue collar worker making his living with his hands and legs. Now that ability has been compromised due to the recurring pain Plaintiff must endure due to the injuries to his wrists and ankles sustained during the attack.

Mental Anguish: Plaintiff has sustained emotional distress and mental anguish that has consumed his life due to all the Defendant's unlawful acts. For almost two years now Plaintiff has been stressed out with the constant and perpetual threat of being harassed, arrested, physically battered, thrown in jail, fined, having his private property searched and seized, all at gunpoint by Defendants, if Plaintiff does not comply with their unlawful demands. Since Plaintiff was violently battered, drug out of his automobile, arrested, kicked, pushed and thrown in jail by Truesdale on July 23, 2022, Plaintiff has lived in a state of fear due to the replaying of the violent seen over and over in his mind. The scene is a peaceful Man who does no harm, being physically battered by a man with a gun, simply for claiming and exercising his rights. Plaintiff has never had a problem sleeping at night until after Truesdale attacked him. Now Plaintiff struggles to sleep at night. Plaintiff has not been able to remain employed and has worked very little in the last 2 years because of this mental anguish. The stress and pressure from the threats of physical violence and arrest by conspiring public servants has caused Plaintiff to be physically sick, and to be as unhealthy and fearful as he has ever been in his life.

Loss, Defamation: As a result of conspiring public servants violating his rights Plaintiff has suffered through the loss of his good reputation in the community and through his physical and emotional injuries from Defamation of his Reputation "character".

Financial Loss: As a result of these injuries Plaintiff has suffered a financial loss since July 23, 2022 thru current.

Financial Loss for the cost of recovering stolen private property from Naylor Towing after public servants seized and stole Plaintiff's private property:

**V.    Relief**

Wherefore, Plaintiff seeks relief

     Against Kevin Truesdale

     for bodily injury in the amount of 5,000,000 U.S. currency.

     for Mental Anguish in the amount of $1,000,000 U.S. currency

     for Loss by Defamation in the amount of $1,000,000 U.S. currency.

     for Financial Loss in the amount of $200,000 U.S. currency.

for recovery of Plaintiff's seized private property in the amount of $500 U.S. currency.

Against Michael Greer

for Mental Anguish in the amount of $1,000,000 U.S. currency.

for Loss by Defamation in the amount of $1,000,000 U.S. currency.

for Financial Loss in the amount of $200,000 U.S. currency.

for recovery of Plaintiff's seized private property in the amount of $500 U.S. currency.

Against Riley Urquidi

for Mental Anguish in the amount of $1,000,000 U.S. currency.

for Loss by Defamation in the amount of $1,000,000 U.S. currency.

for Financial Loss in the amount of $200,000 U.S. currency.

for recovery of Plaintiff's seized private property in the amount of $500 U.S. currency.

Against Naylor Towing

for Mental Anguish in the amount of $1,000,000 U.S. currency.

for Loss by Defamation in the amount of $1,000,000 U.S. currency.

for Financial Loss in the amount of $200,000 U.S. currency.

for recovery of Plaintiff's seized private property in the amount of $500 U.S. currency.

Against Matt Clifford

for Mental Anguish in the amount of $1,000,000 U.S. currency.

for Loss by Defamation in the amount of $1,000,000 U.S. currency.

for Financial Loss in the amount of $200,000 U.S. currency.

for recovery of Plaintiff's seized private property in the amount of $500 U.S. currency.

Against David Manweiler

for Mental Anguish in the amount of $1,000,000 U.S. currency.

for Loss by Defamation in the amount of $1,000,000 U.S. currency.

for Financial Loss in the amount of $200,000 U.S. currency.

for recovery of Plaintiff's seized private property in the amount of $500 U.S. currency.

Against Regan C. Jameson

for Mental Anguish in the amount of $1,000,000 U.S. currency.

for Loss by Defamation in the amount of $1,000,000 U.S. currency.

for Financial Loss in the amount of $200,000 U.S. currency.

for recovery of Plaintiff's seized private property in the amount of $500 U.S. currency.

Against Jan M. Bennetts

for Mental Anguish in the amount of $1,000,000 U.S. currency.

for Loss by Defamation in the amount of $1,000,000 U.S. currency.

for Financial Loss in the amount of $200,000 U.S. currency.

for recovery of Plaintiff's seized private property in the amount of $500 U.S. currency.

Against Tatianna Herrera

for Mental Anguish in the amount of $1,000,000 U.S. currency.

for Loss by Defamation in the amount of $1,000,000 U.S. currency.

for Financial Loss in the amount of $200,000 U.S. currency.

for recovery of Plaintiff's seized private property in the amount of $500  U.S. currency.

Against Tanis Ozuna

for Mental Anguish in the amount of $1,000,000 U.S. currency.

for Loss by Defamation in the amount of $1,000,000 U.S. currency.

for Financial Loss in the amount of $200,000 U.S. currency.

for recovery of Plaintiff's seized private property in the amount of $500  U.S. currency.

Against Kira Lynn Dale

for Mental Anguish in the amount of $1,000,000 U.S. currency.

for Loss by Defamation in the amount of $1,000,000 U.S. currency.

for Financial Loss in the amount of $200,000 U.S. currency.

for recovery of Plaintiff's seized private property in the amount of $500 U.S. currency.

Plaintiff seeks punitive damages in the amount of $17,750,000 U.S. currency.


## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirement of Rule 11.


A. For Parties Without a BAR member Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Date of signing:_____


Signature of Plaintiff _____


Printed Name of Plaintiff_____


Peter-Alan: Hearn
October 28, 2024