UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER HEARN,<br><br>                    Plaintiff,<br><br>v.<br><br>KEVIN TRUESDALE, et al.,<br><br>                    Defendants. | Case No. 1:24-cv-00326-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION AND BACKGROUND

On July 18, 2024, Plaintiff Peter Hearn initiated this suit. Dkt. 1. On October 28, 2024, he filed an Amended Complaint. Dkt. 27. In between these two filings, the parties had filed several motions, including two Motions to Dismiss from Defendants[1] (Dkts. 13; 23), three Motions for Default Judgment from Hearn (Dkts. 16; 18; 25), and a Motion for Hearing also from Hearn (Dkt. 26). The filing of the Amended Complaint impacted each of these filings, and for the reasons set forth below, the Motions to Dismiss are DISMISSED as MOOT, the Motions for Default Judgement are DENIED without prejudice, and the Motion for Hearing is also DISMISSED without prejudice. Relatedly,

---

[1] Docket 13 was filed by Defendants Ada County Prosecutor's Office, Ada County Sheriff's Office, Jan M. Bennetts, Matt Clifford, and Tatiana Herrera ("Ada County Defendants"). Docket 23 was filed by Defendants Kira Lynn Dale, Fourth Judicial District Court, Idaho State Police Department, Riley Irquidi, Regan C. Jameson, David Manweiler, Tanis Ozuna, State of Idaho, and Kevin Truesdale ("State Defendants").

Hearn's recent Motion for Hearing (Dkt. 44) filed on February 21, 2025, is DISMISSED without prejudice for the reasons set forth below.

## II. DISCUSSION

*1. Amended Complaint and Motions to Dismiss*

The Ninth Circuit has explained, "an amended complaint supersedes the original complaint," thereby becoming the "operative pleading." *CDK Global LLC v. Brnovich*, 16 F.4th 1266 (9th Cir. 2021) (cleaned up). When an amended complaint is filed, any previously-filed motions to dismiss are moot. See *Barnes v. Dist. of Columbia*, 42 F. Supp. 3d 111, 117 (D.D.C. 2014) ("When a plaintiff files an amended complaint as of right . . . the amended complaint becomes the operative pleading . . . and any pending motion to dismiss becomes moot." (cleaned up)).[2] Accordingly, Defendants' two Motions to Dismiss (Dkts. 13; 23) filed before Hearn's Amended Complaint (Dkt. 27) are DISMISSED as MOOT.[3]

*2. Motions for Default Judgment*

Hearn's Motions for Default Judgment cannot be granted for several reasons relating to the fact that he never served the Amended Complaint on the Defendants against whom he is requesting default, and he failed to follow the procedure set forth in the Federal Rule of Civil Procedure 55(b)(1).

---

[2] The Defendants whose motions are being dismissed here likely recognized this principle, as both have renewed their Motions to Dismiss now that the Amended Complaint has been filed. Dkts. 32; 36. The Court will take up those Motions in a later decision.

[3] To be sure, it appears the only change between Hearn's original Complaint and his Amended Complaint is the addition of Michael Greer as a named Defendant. But despite the size or scope of any change, the legal and procedural parameters outlined above still apply.

MEMORANDUM DECISION AND ORDER - 2

First, as addressed above, once the Amended Complaint was filed, it became the operative pleading in this case. Hearn's motions for default all relate to the original Complaint filed in this case, and since that is no longer the operative pleading, any Defendants' failure to respond to that Complaint is a moot issue. Further, there is no indication that Hearn served the Amended Complaint on *any* Defendant in this case (which will be addressed in more detail below), so it is not possible for the Defendants to have defaulted based on the Amended Complaint at this time.

Second, even if the Motions did relate to the operative complaint, Hearn failed to follow the two-step process required by Rule 55. When a defendant has "failed to plead or otherwise defend," the *clerk* must enter the party's default. Fed. R. Civ. P. 55(a). This is a prerequisite to default judgement under Rule 55(b). *See generally* Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Hearn, however, never asked the clerk to enter default. Beyond that, it seems that Hearn is requesting an entry of default judgment by the clerk under Rule 55(b)(1), as he refers in all his orders to a "sum certain." Dkt. 16, at 1; Dkt. 18, at 1; Dkt. 25, at 1. But his generic request in his Amended Complaint for millions of dollars in damages does not qualify as a sum certain. *See Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004).

In sum, as the Court has explained before:

> Rule 55(b)(1) only applies to defendants that have defaulted for failure to appear under Rule 55(a) and a person can only fail to appear if he or she had proper service of the lawsuit. As just noted, because the amount requested is not a sum certain, the Court would most likely need to undertake default judgment proceedings under Rule 55(b)(2) anyway—which requires notice to all parties—but that aside, [Hearn] has failed to properly serve the parties [he] requests default against in the first place. In other words, [Hearn] cannot seek Rule 55(b) default judgment because [he] has not

MEMORANDUM DECISION AND ORDER - 3

sought a Rule 55(a) clerk's entry of default and [he] cannot seek a Rule 55(a) clerk's entry of default because [he] has not correctly served the defendants against whom [he] seeks default judgment.

*Paddock v. Ballou*, 2018 WL 1902678, at *1 (D. Idaho Apr. 20, 2018). As such, Hearn's Motions for Default Judgment (Dkts. 16; 18; 25) are DISMISSED without prejudice.

Returning to the issue of the lack of service of the Amended Complaint, Rule 4(m) mandates that the Court must dismiss an action without prejudice or order that service be made within a specific time when a plaintiff fails to serve a defendant within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). The Amended Complaint in this case was filed on October 28, 2024—thus, Hearn was required to serve the Amended Complaint on all Defendants by January 26, 2025. There is no indication on the docket or in the records before the Court that he did so. However, the parties involved have already expended significant time and effort in litigating this case, as evidenced by the multitude of filings here. The Court does not intend to dismiss the case and force Hearn to file a new case which will ultimately result in a duplication of work, time, and expense for the parties currently participating.[4] Therefore, Hearn has thirty (30) days from the issuance of this Order to either officially serve the Amended Complaint on all Defendants or obtain a waiver of service from defense counsel. If he fails to do so, the Defendants which he does not serve will be dismissed without prejudice.

---

[4] Said another way, despite Hearn's failure to serve, the Ada County Defendants and the State Defendants both renewed their Motions to Dismiss and Hearn responded. The Court will not make Hearn re-serve these Defendants only to have the motions current at issue refiled. That would delay this case further and not be economical.

MEMORANDUM DECISION AND ORDER - 4

### 3. *Motions for Hearing*

Finally, Hearn has filed two Motions for Hearing (Dkt. 26; 44): one before the Amended Complaint was filed and one within the last few days. The first Motion relates to a telephonic scheduling conference for the development of litigation and discovery plans. The second is a request for a hearing on the various Motions to Dismiss. As to the first, a telephonic scheduling conference was originally set for September 19, 2024, with Magistrate Judge Deborah K. Grasham. Dkt. 3. Hearn requested that the hearing be vacated and reset, and the new hearing was set for October 29, 2024. Dkt. 4. Hearn later requested the hearing be reset again which it was. Dkts. 11, 12. The case was then reassigned to District Judge Amanda K. Brailsford, and as is standard practice when cases are being reassigned between judges, the previously-set hearing was vacated. Dkt. 20. Hearn then filed his Motion asking that Judge Brailsford reset the scheduling hearing. Dkt. 26. Judge Brailsford later recused herself (Dkt. 33), and the case was reassigned to the undersigned.

While the Court appreciates Hearn's diligence, even after today's Order, two Motions to Dismiss remain pending which may be dispositive of the case. Until the Court issues a ruling on those Motions, any litigation and discovery plans the parties might agree to could be foiled either by the timing or the substance of the Court's decision. Also, as discussed above, Hearn needs to serve all the Defendants with the Amended Complaint before the parties can successfully agree to discovery and litigation plans. In other words, his first Motion for Hearing (Dkt. 26) is premature, and the Court will be sure to set the appropriate hearings and deadlines when necessary.

As to the second Motion for Hearing (Dkt. 44), the Court often decides motions,

including motions to dismiss, on the briefing alone where oral argument would not significantly aid its decision-making process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[5] To the extent that Hearn asks for a hearing related to the Motions to Dismiss at dockets 13 and 23, his Motion is MOOT because those Motions have been dismissed by this Order. Where his Motion requests a hearing related to dockets 32 and 36, the Court will carefully consider the briefing, and if it should find that a hearing is necessary to significantly aid the decisional process, a hearing will be set accordingly. Otherwise, the Court will issue a decision without a hearing in accordance with its standard practice.[6] In conclusion, both of Hearn's Motions for Hearing (Dkts. 26; 44) are DISMISSED without prejudice.

### III. ORDER

1. Ada County Defendants' Motion to Dismiss (Dkt. 13) is DISMISSED as MOOT.
2. State Defendants Motion to Dismiss (Dkt. 23) is DISMISSED as MOOT.
3. Plaintiff's Motion for Default Judgment (Dkt. 16) is DENIED without prejudice.
4. Plaintiff's Motion for Default Judgment (Dkt. 18) is DENIED without prejudice.
5. Plaintiff's Motion for Default Judgment (Dkt. 25) is DENIED without prejudice.
6. Plaintiff's Motion for Hearing (Dkt. 26) is DISMISSED without prejudice.
7. Plaintiff's Motion for Hearing (Dkt. 44) is DISMISSED without prejudice.
8. Plaintiff has thirty (30) days from the issuance of this Order to serve all Defendants

---

[5] The Ada County Defendants filed a short opposition to Hearn's Motion for Hearing noting this exact thing—that the Court is in the best position to know if a hearing would be helpful in the resolution of any motion. Dkt. 45.

[6] *See also Frost v. Diocese of San Bernadino Educ. and Welfare Corp. for ben. of Saint Catherine of Alexandria, et al.*, 302 Fed. Appx. 729, 730 (9th Cir. 2008) (finding a district court does not violate due process rights by denying oral argument on motions to dismiss).

with the Amended Complaint (Dkt. 27). Any defendant that he fails to serve will be dismissed without prejudice.

DATED: March 5, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7