UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER HEARN,<br><br>                    Plaintiff,<br><br>v.<br><br>KEVIN TRUESDALE, et al.,<br><br>                    Defendants. | Case No. 1:24-cv-00326-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are three motions to dismiss: one filed by Defendants Jan M. Bennetts, Matt Clifford, Tatianna Herrera, Ada County Sheriff's Office, Ada County Prosecutor's Office, and Micheal Greer (the "County Defendants"), Dkt. 32, one filed by Defendants Kevin Truesdale, Riley Urquidi, Judge David Manweiler, Judge Regan Jameson, Judge Kira Dale, Tanis Ozuna, the State of Idaho, and Governor Brad Little (the "State Defendants"), Dkt. 36, and one filed by Naylor Towing, Dkt. 51.[1] For the reasons outlined below, the Court GRANTS the Motions to Dismiss.

---

[1] Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

## II. BACKGROUND

Plaintiff Peter Hearn alleges Defendants violated his civil rights following a traffic stop and subsequent prosecution in Idaho state court. On July 23, 2022, Hearn was driving eastbound on Interstate 84 when Idaho State Trooper Kevin Truesdale observed Hearn's vehicle displaying a sign reading "Not For Hire" in place of a valid license plate. Truesdale then initiated a traffic stop.

Truesdale requested Hearn's driver's license, registration, and proof of insurance. Hearn refused to produce these documents, asserting that he was not a commercial driver and therefore not required to carry a driver's license. When Hearn continued to refuse, Truesdale placed him under arrest.

Truesdale transported Hearn to the Ada County Jail, where he underwent standard booking procedures. In accordance with Idaho Jail Standards, Hearn was searched, and his personal property—including his socks, shoes, and belt—were secured. Idaho State Trooper Riley Urquidi conducted an inventory search of Hearn's vehicle, and Naylor Towing towed Hearn's vehicle from the scene at the Idaho State Police's request.

Hearn was charged with resisting or obstructing officers in violation of Idaho Code § 18-705 and failure to carry a driver's license under Idaho Code § 49-316. He initially entered a plea of not guilty. Three days after Hearn's arrest, he appeared before Judge David Manweiler and attempted to enter a plea of "demurrer." Judge Manweiler informed Hearn that a demurrer was not a valid plea and entered a not guilty plea on Hearn's behalf.

Hearn next appeared at a pretrial conference before Judge Regan C. Jameson. Two months later Hearn filed a motion to dismiss with the court. Judge Jameson denied Hearn's

motion to dismiss and scheduled the case for trial. Hearn, however, failed to appear, prompting Judge Jameson to issue a bench warrant. Officers arrested Hearn on July 4, 2023, and released him with an order to report to the Ada County Court Clerk.

On July 24, 2023, Hearn presented himself to Court Clerk Tanis Ozuna. Hearn gave Ozuna a "Verified Notice of Special Appearance," which included a Public Servant Questionnaire, a form requesting verification of government affiliation, and unofficial identification documents. Ozuna did not accept the non-standard documentation and reported that Hearn failed to appear, whereupon Judge Kira Dale issued another warrant for Hearn's arrest.

On May 8, 2024, Hearn appeared for trial, pleaded guilty to the charge of resisting or obstructing officers, and was convicted.

On July 18, 2024, Hearn initiated this action against various state and county defendants, alleging constitutional violations pursuant to 42 U.S.C. § 1983. He filed an Amended Complaint on August 6, 2024, and a Second Amended Complaint on October 28, 2024, which added one new defendant but otherwise repeated the same factual allegations.

The State Defendants moved to dismiss, arguing they are immune from Hearn's Claims. Dkt. 36 The County Defendants also moved to dismiss, arguing that they too are immune from Hearn's claims. Dkt. 32. Finally, Naylor Towing moved to dismiss on the grounds that it was not a state actor and Hearn did not allege sufficient factual detail which would allow the Court to draw reasonable inferences that Naylor Towing may be liable.

Dkt. 51 and 53. Hearn responded to each of these motions, disputing their claims to immunity. Dkts. 39; 41; 57. Each of the Defendants replied. Dkts. 42; 43; 58.

This matter is now ripe for decision.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires a court to dismiss a claim if the plaintiff has "failed to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (cleaned up). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1122.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. In other words, the claim for relief must be "plausible on its face." *Id.* at 570. A plausible complaint is one that allows the reviewing court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must construe pro se pleadings liberally, a pleading which cannot be reasonably construed to state a claim must be dismissed. *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022).

## IV. DISCUSSION

### A. County Defendants' Motion to Dismiss

Hearn names Jan M. Bennetts, Matt Clifford, Tatianna Herrera, the Ada County Sheriff's Office, the Ada County Prosecutor's Office, and Micheal Greer (the "County Defendants") as defendants in their individual and official capacities. Dkt. 27 at 3–7. The County Defendants filed a motion to dismiss arguing, absolute prosecutorial immunity, qualified immunity, and an incorrect use of municipal liability. Dkt. 32.

#### 1. Defendant Herrera and Bennetts are Entitled to Absolute Immunity

Hearn alleges that Defendants Herrera, a deputy Ada County Prosecutor, and Bennetts, the Ada County Prosecutor, violated his constitutional rights by opposing his motions to dismiss that was brought before Judge Jameson. Dkt. 27 at 11. Herrera and Bennetts argue that they opposed his motion to dismiss in their official capacity as prosecutors and are therefore immune from suit. Dkt. 32 at 5–7.

A "state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" is not "amendable to suit under 42 U.S.C. § 1983 for alleged deprivations of the defendant's constitutional rights." *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). County prosecutors are thus absolutely immune from liability for their actions as prosecutors. *McAuley v. Hastings*, 17 Fed. Appx. 660, 661 (9th Cir. 2001).

Herrera and Bennetts opposed Hearn's motion to dismiss in their official capacity as prosecutors. Dkt. 27 at 11. Hearn makes no factual allegations which raise a plausible inference that they acted outside the scope of their duties in doing so. Herrera and Bennetts therefore have absolute immunity regarding their opposition to Hearn's motion to dismiss.

### 2. Defendants Greer and Clifford are Entitled to Qualified Immunity

Hearn also alleges that Defendants Greer, an Idaho State Police Officer, and Clifford, the Ada County Sherrif, violated his Constitutional rights when Greer and four Ada County Sheriff's Deputies assisted with his arrest. Dkt. 27, at 10. Greer and Clifford counter that they are entitled to qualified immunity for their actions. Dkt. 32.

Government officials, including police officers, are entitled to qualified immunity "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Clearly established rights are those which at the time of the conduct complained of are "sufficiently clear" and a "reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Case law does not need to be "on point" to clearly established a right, but "existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

There are no factual allegations in Hearn's Complaint suggesting that Greer or Clifford violated any statutory or constitutional right, let alone a clearly established one. Rather, Hearn's Complaint provides a narrative of his interactions with the police. While Hearn's complaint notes that he believed his Fourth and Fifth Amendment rights were violated, his briefing does not explain how asking him to identify himself (and arresting him when he failed to do so) violated a clearly established right. Dkt 27 at 2 and 10. Thus, Defendants Greer and Clifford are entitled to qualified immunity for their interactions with Hearn.

MEMORANDUM DECISION AND ORDER - 6

*3. Neither the Ada County Prosecutor's Office nor the Ada County Sherriff's office Can be Sued Under a Theory of Municipal Liability.*

Finally, Hearn's complaint also named the Ada County Prosecutor's Office and the Ada County Sherriff's Office as defendants. The Supreme Court has held that municipalities are "persons" for 42 U.S.C. § 1983 purposes and, "therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Municipalities are not simply liable "for an injury inflicted solely by its employees or agents," however. *Id.* at 694–95. Rather, the municipality is liable only if the "government's policy or custom […] inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Additionally, *Monell* does not extend the liability of municipalities to municipal departments. *Carey v. Ada Cnty. Misdemeanor Prob. Dep't,* 2020 WL 4450950, at *2 (D. Idaho Aug. 3, 2020) (holding that "the Ada County Misdemeanor Probation Department is not an appropriate defendant under a theory of municipal liability because the proper defendant in such a claim is the municipality —the county —and not the municipal department").

The only policy or custom which could possibly have harmed Hearn  are the Idaho Jail Standards, Idaho's standard booking procedures. Standard booking procedures, however, are not a violation of civil rights. *See Maryland v. King*, 569 U.S. 435, 449, (2013). Hearn alleges no facts indicating that Idaho booking procedures unconstitutionally deviate from normal booking procedures.

Even if Hearn could allege that the County's booking procedures violated his civil rights, the Ada County Prosecutor's Office and the Ada County Sherriff's office are still

inappropriate defendants under 42 U.S.C. § 1983. Hearn should have sued Ada County itself rather than its agencies. Because the Ada County Prosecutor's Office and Sheriff's Department are improper defendants under *Monel*, and because Hearn fails to state a claim for *Monel* liability regardless, the Ada County Prosecutor's Office and Sheriff's Department must be dismissed.

Hearn fails to state a claim against each of the County Defendants. Accordingly, their Motion to Dismiss (Dkt. 32) is GRANTED.

**B. State Defendants' Motion to Dismiss**

Hearn names Idaho State Troopers Kevin Truesdale and Riley Urquidi; Judges David Manweiler, Regan Jameson, and Kira Dale; and Ada County Court Clerk Tanis Ozuna as defendants in their individual and official capacities. Dkt. 27 at 3–7. Hearn also names the State of Idaho, Governor Brad Little, the Idaho State Police, Director Kedrick Wills, the Fourth Judicial District Ada County Court, and Trial Court Administer Sandra Barrios as defendants. Hearn appears to sue Governor Brad Little, Director Kedrick Wills, and Trial Court Administer Sandra Barrios only in their official capacities. Dkt. 27 at 3–7. The State Defendants filed a motion to dismiss arguing that they are immune pursuant to Eleventh Amendment sovereign immunity, absolute judicial immunity, and quasi-judicial immunity. Dkt. 36.

*1. Hearn's Claims Against the State of Idaho, Brad Little, the Idaho State Police, Kedrick Wills, and Sandra Barrios are Barred by Sovereign Immunity.*

Hearn sues each of the State Defendants in their official capacities. Suits against state agencies implicate states' sovereign immunity, as do suits against state officials

seeking damages for their official acts. *See* U.S. Const. amend. XI.

The Eleventh Amendment renders states immune from suit in federal court without their consent. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Eleventh Amendment immunity extends to state agencies and officials when they are deemed "arms of the state." *Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980 (9th Cir. 2024). Moreover, a suit against state officials in their official capacities is treated as a suit against the state. *Holley v. California Dep't of Corrections*, 599 F.3d 1108, 1111 (9th Cir. 2010). Accordingly, sovereign immunity bars recovery against states, their agencies, and officials acting in their official capacities, unless the state has waived its immunity, or Congress has validly abrogated said immunity.

Here, Hearn has not alleged any facts to indicate that the state has waived its sovereign immunity or that Congress has abrogated said immunity. Most of the state defendants are named in Hearn's complaint simply because they interacted with Hearn as part of his arrest. Dkt. 27 at 10–12.  Therefore, the State of Idaho, Brad Little, Kendrick Wills, Sandra Barrios, and the Idaho State Police are protected by Eleventh Amendment sovereign immunity and cannot be sued in federal court.

*2. Judicial Immunity Bars Recovery from Defendants Manweiler, Jameson, Dale, Ozuna and Barrios.*

Additionally, the judges, trial court administrator, and clerk of court are entitled to absolute judicial immunity.

State court judges have absolute immunity from suit for damages arising from their judicial acts unless they act in a complete absence of jurisdiction. *See Mireles v. Waco*, 502

U.S. 9, 11 (1991). To determine whether an act is judicial in nature, courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). If a judge acted in a judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (cleaned up). Absolute quasi-judicial immunity extends to court staff when their "challenged activities were an integral part of the judicial process." *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (cleaned up).

Here, Hearn has not alleged any facts to illustrate Judges Manweiler, Jameson, or Dale acted in a complete absence of jurisdiction. Hearn came before them while they were performing their ordinary duty of presiding over criminal matters, and they did so in the county and district to which they were appointed. Hearn merely disagrees with their rulings or named them as defendants simply because he appeared before them. Dkt. 27 at 11–12. Because their acts were judicial and because they did not completely lack jurisdiction, the judges are entitled to absolute immunity.

Additionally, Defendants Ozuna and Barrios, who were acting as court clerk and trial court administrator at the time of the conduct complained of, are entitled to quasi-judicial immunity. Ozuna interacted with Hearn while performing the normal job functions related to that of a clerk of the court, such as reporting Hearn's failure to appear. Dkt. 27 at 12. Moreover, Hearn simply names Barrios without further explanation. Dkt. 27 at 7. Hearn has not alleged facts to show that Ozuna or Barrios were acting outside the "judicial

process." Dkt. 27 at 7–12. Thus, Defendants Ozuna and Barrios are entitled to judicial immunity.

### 3. Defendant Truesdale, and Urquidi are Entitled to Qualified Immunity

As noted above, police officers are entitled to qualified immunity unless a defendant can show that the officer violated a statutory or constitutional right and that the right was clearly established at the time of the incident complained of. *al-Kidd*, 563 U.S. at 741. Hearn levels no factual allegations suggesting that Truesdale or Urquidi violated any clearly established constitutional right. Thus, Defendants Truesdale and Urquidi are entitled to qualified immunity.

### C. Naylor Towing Motion to Dismiss

In addition to the government actors named as defendants, Hearn also named Naylor Towing as well as an unnamed Naylor employee as defendants because Naylor towed Hearn's car following his arrest.

Claims brought under 42 U.S.C. § 1983 "must allege the violation of a right secured by the constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Hearn does not allege that Naylor violated one of his constitutional rights, nor does he allege that Naylor was acting under color or state law. Instead, Hearn makes only a brief reference to Naylor's involvement in his arrest, specifically noting that Naylor towed his vehicle at the request of Defendant Urquidi. Dkt. 27 at 11. Therefore, Hearn did

MEMORANDUM DECISION AND ORDER - 11

not allege facts sufficient to establish a claim against Naylor Towing under 42 U.S.C. § 1983.

### D. Hearn's Failure to Serve Defendant Ozuna

In the Court's previous decision (Dkt. 46) the Court warned Hearn that if he failed to serve all Defendants or obtain a waiver of service from defense counsel, the Defendants which he did not serve would be dismissed without prejudice. There is no indication on the docket or in the records before the Court that Hearn served Defendant Tanis Ozuna. Because the Court dismisses Ozuna with prejudice due to her absolute immunity, the Court does not have occasion to dismiss her without prejudice.

## V. CONCLUSION

State Defendants are entitled to sovereign immunity, the County Defendants are entitled to absolute or qualified immunity, and Hearn has not alleged facts sufficient to establish a claim against Naylor Towing under 42 U.S.C. § 1983.

## VI. ORDER

**IT IS HEREBY ORDERED:**

1. Ada County Defendants' Motion to Dismiss (Dkt. 32) is GRANTED.

2. State Defendants' Motion to Dismiss (Dkt. 36) is GRANTED.

3. Naylor Towing's Motion to Dismiss (Dkt. 51) is GRANTED.

4. This Court must grant leave to amend liberally, if by amending the Plaintiff might salvage his case. F.R.C.P. 15(a). Because the Ada County Prosecutors, Judges, TCA, and Court Clerk are absolutely immune for the acts complained of, Plaintiff is DENIED leave to amend as to them. Because the Ada County Sherriff's Department and the Ada County

MEMORANDUM DECISION AND ORDER - 12

Prosecutors office are improper defendants in this matter, Plaintiff is DENIED leave to amend as to them as well. As to all other Defendants, namely Naylor Towing, Greer, Clifford, Truesdale, and Urquidi, Plaintiff is GRANTED leave to amend. Plaintiff shall file his Third Amended Complaint with the Court within 21 days of the entry of this order. Should he fail to do so, the Court may dismiss this case with prejudice and without further notice.

DATED: November 6, 2025

David C. Nye
Chief U.S. District Court Judge