UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER HEARN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KEVIN TRUESDALE, et al.,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-00326-DCN<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Naylor Towing's ("Naylor") Motion for Attorney Fees. Dkt. 65. Naylor asks the Court to award it attorney's fees incurred defending against Plaintiff Peter Hearn's action because the action was frivolous. For the reasons outlined below, the Court GRANTS Naylor's Motion.[1]

## II. BACKGROUND

Plaintiff Peter Hearn initiated this § 1983 action against numerous defendants for allegedly violating his rights. Hearn alleged the Idaho State Police pulled him over for

---

[1] Having reviewed the record and the briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

MEMORANDUM DECISION AND ORDER - 1

displaying a placard that said "NOT FOR HIRE" on his vehicle where a license plate should be displayed. After initiating the traffic stop, Hearn refused to provide a driver's license, registration for the vehicle, or any other relevant identifying information routinely requested during traffic stops. Officers eventually arrested Hearn for resisting or obstructing an officer under state law. *See* Dkt. 13, at 2. ISP asked Naylor to tow Hearn's vehicle. Hearn alleged that ISP violated his constitutional rights during the incident and sued Naylor for its participation in the alleged wrongdoing. Naylor filed a Motion to Dismiss for Failure to State a Claim (Dkt. 51), which the Court granted (Dkt. 63).

On December 18, 2025, Naylor  filed the instant motion, asking the Court to order Hearn to pay its attorney's fees. Dkts. 65; 66; 67. Hearn failed to respond, and Naylor did not file reply briefing. The time to do so has now passed.

The matter is now ripe for review.

### III. LEGAL STANDARD

#### A. 42 U.S.C. § 1988(b)

Section 1988(b) provides that "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Courts may not award attorney's fees to § 1983 defendants unless "the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

"In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid post hoc reasoning by concluding

MEMORANDUM DECISION AND ORDER - 2

that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 976 (9th Cir. 2011) (quoting *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006)).

### B. The Lodestar Method

"After establishing that a plaintiff is entitled to attorney's fees, the Court must calculate a reasonable fee award." *Animal Legal Def. Fund v. Otter*, 2016 WL 2910266, at *2 (D. Idaho May 18, 2016). To calculate a reasonable fee award, courts in the Ninth Circuit use the two-step "lodestar method." *Mares-Orozco v. Guzman*, 2023 WL 5179674, at *4 (D. Idaho Aug. 10, 2023) (citing *Edmo v. Idaho Dep't of Corr.*, 2022 WL 16860011, at *2 (D. Idaho Sept. 30, 2022)). The lodestar method multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018). To establish the requested hours and rate are reasonable, the "burden is on the party seeking the fee award and can be carried by submitting evidence and documents supporting the hours worked." *Id.* (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992)).

### IV. DISCUSSION

### A. Attorney's Fees under § 1988(b)

Naylor argues Hearn's claims against it were frivolous. "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact," and "[the] term frivolous, when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

MEMORANDUM DECISION AND ORDER - 3

Hearn's claims and arguments were primarily rooted in a right-to-travel theory associated with the "sovereign citizen" movement. Hearn's right-to-travel theory (or theories substantially identical to Hearn's) have been rejected as "patently frivolous" by district courts across the country. *See Andreaccio v. Weaver*, 2023 WL 5305462, at *1 (D. Nev. Aug. 15, 2023) (awarding attorney's fees against a *pro se* plaintiff who brought claims under a "sovereign citizen" right-to-travel theory); *see also Berry v. City of St. Louis*, 2021 WL 4191612, at *5–6 (E.D. Mo. Sept. 15, 2021) (holding a plaintiff's right-to-travel claim based on "sovereign" citizen ideology was frivolous).

Indeed, Hearn's belief that he is not required to have a driver's license or to register his vehicle with the Division of Motor Vehicles has been summarily rejected by more courts than this Court can list. *See Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999) (rejecting a plaintiff's argument that a right to drive without a license is part of the fundamental right to interstate travel as frivolous); *see also Augmon v. Pennsylvania*, 2022 WL 16966723, at *3 (W.D. Pa. Oct. 25, 2022), *report and recommendation adopted*, 2022 WL 16963926 (W.D. Pa. Nov. 16, 2022) (holding a plaintiff's claim "that motor vehicle registration and licensing laws do not apply to him as a sovereign citizen" is frivolous); *Reed v. Jones*, 2021 WL 2913023, at *3 (D. Neb. July 12, 2021) (also rejecting this theory as frivolous); *Van Horne v. Valencia*, 2022 WL 3574299, at *5–6 (N.D. Tex. Feb. 16, 2022), *report and recommendation adopted*, 2022 WL 2800878 (N.D. Tex. July 18, 2022) (same).

MEMORANDUM DECISION AND ORDER - 4

**B. Lodestar Calculation**

As the Court has determined an attorney's fees award for the Defendants in this case, the next step is to verify the amount requested by Defendants is reasonable. To perform this calculation, courts in the Ninth Circuit use the Lodestar method, which involves an evaluation of the hourly rates charged and the number of hours expended on the case.

*1.    Reasonable Rates*

"In determining a reasonable fee award, the Court should consider both the experience, skill, and reputation of the attorney requesting fees," and "the prevailing market rates in the relevant community." *LaKamp v. Runft*, 2025 WL 2675946, at *5 (citation modified). The relevant community for determining reasonable hourly rates is the forum in which the district court sits. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Here, Naylor retained counsel on an hourly basis. Mr. Ballard, who has more than 37 years of experience as an attorney, worked on the case at a nominal rate of $300 per hour and—after accounting for discounts and time written off—an average effective rate of $264.90 per hour.[2] Dkt. 66.

This Court has previously held that hourly rates in the Treasure Valley significantly higher than the rate sought by Naylor's counsel were reasonable. *See, e.g., SBP LLLP v.*

---

[2] Mr. Ballard stated that his usual rate is $300 per hour but that he reduced his rate for Naylor as a courtesy. Dkt. 66, at 2. In reaching this figure, Ballard took his total amount invoiced (the bill his client received after written off time and courtesy discounts) and divided it by the time worked on the case (including billed and written off time). The resulting figure gives an average effective rate of $264.90 per hour.

*Hoffman Constr. Co. of Am.*, 2025 WL 959517, at *4 (D. Idaho Mar. 31, 2025) (holding that hourly rates of up to $460 are reasonable for attorneys of similar experience levels as Mr. Ballard). Because of this, the Court finds the requested hourly fee rate for Mr. Ballard is reasonable.

2.      *Reasonable Hours Expended*

"A district court must base a finding of reasonable hours on evidence and sound documentation. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 229 F. Supp. 2d 993, 1004–05 (N.D. Cal. 2002), *aff'd sub nom. Env't Prot. Info. Ctr. v. Pac. Lumber Co.*, 103 F. App'x 627 (9th Cir. 2004) (citation modified); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The fee applicant "can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures." *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (citation modified).

A court may exclude from the fee calculation hours that were not "reasonably expended," such as hours which are "excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). But Courts should be careful when considering whether to exclude hours from the award. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

MEMORANDUM DECISION AND ORDER - 6

Here, Mr. Ballard provided sufficient documentation of his work on this case. Ballard's Declaration and attached Exhibits (Dkt. 66) states his hourly rate, his level of experience, and details the number of hours he expended working on this case. Specifically, Ballard states he spent 34.9 hours on the case. Section 1983 actions involve a complex set of interrelated doctrines riddled with exceptions, so it is not clearly unreasonable—even in a frivolous case—for an attorney to spend almost 35 hours working a case from service to dismissal.

Further, Ballard's billing logs are sufficiently detailed and reveal generally responsible billing practices. They track time to fractions of the hour. Ballard's logs also indicate he did not bill the full amount or for every hour. His invoices show courtesy discounts of generally 1%, but which in one instance reaches 20%. Additionally, there are numerous entries for time he spent on the case without charging Naylor.[3] Ballard's decision to write off and discount portions of his time is a strong indication that Ballard billed his time reasonably and is not attempting to abuse his client or the Court. *See, e.g., Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 950 (N.D. Tex. 2016) (explaining that an attorney writing off time discounting his rate is evidence of appropriate billing judgment).

Accordingly, the Court finds that the number of hours Ballard expended working on the case is reasonable.

### 3.   Kerr Adjustments

The final step in the lodestar analysis is to measure the lodestar figure against the

---

[3] An example of work Ballard performed free of charge is the entry on page 14 of his Declaration (Dkt. 66), titled "Review case with Client," which he tracked as taking two hours for which he did not charge Naylor.

factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) to determine whether an adjustment to the lodestar figure is necessary. *Mares-Orozco*, 2023 WL 5179674, at *5. The factors include the: "(1) time limitations imposed by the client or the circumstances, (2) the 'undesirability' of the case, (3) the nature and length of the professional relationship with the client, and (4) awards in similar cases." *Kerr*, 526 F.2d at 70. "Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994). "The burden of proving that such an adjustment is necessary" is on the party seeking the adjustment. *Blum v. Stenson*, 465 U.S. 886, 898 (1984).

Neither party in this case has requested any adjustment to the award amount, so there is no need to analyze the *Kerr* factors to make any adjustment to the award.

## V. CONCLUSION

Hearn sought to recover from Naylor under a patently frivolous legal theory. While *pro se* plaintiffs' complaints are to be construed liberally and fees awarded against plaintiffs in § 1983 only in exceptional circumstances, the Court finds Hearn's Complaint is so frivolous that it cannot be made otherwise, even through liberal construction. Accordingly, Naylor is entitled to an award of attorney's fees under § 1988(b). Under the lodestar method, the reasonable amount of attorney's fees in this case is $9,245.10. The Court will GRANT Naylor's Motion for this amount.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Naylor Towing's Motion for Attorney Fees (Dkt. 65) is GRANTED.

MEMORANDUM DECISION AND ORDER - 8

2. The Court awards Naylor Towing's attorney's fees in the amount of $9,245.10.

3. Hearn is ORDERED to tender $9,245.10 to Naylor's counsel within 30 days of the entry of this Order.

4. An Amended Judgment will issue in accordance with this Order.

DATED: July 9, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9